IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-211-D-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| ROY LATRON RICHARDSON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a sergeant with the Nash County Sheriff's Office. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a ten-count indictment on 23 July 2013 with: conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (*i.e.*, crack) from in or about June 2011 and continuing to on or about 16 July 2013 in violation of 21 U.S.C. § 846 (ct. 1); distribution of a quantity of cocaine base on or about 5 August 2011 (ct. 2), 9

August 2011 (ct. 3), 18 August 2011 (ct. 4), 25 August 2011 (ct. 5), 8 September 2011 (ct. 6), 18 June 2013 (ct. 8), 20 June 2013 (ct. 9), and 25 June 2013 (ct. 10), all in violation of 21 U.S.C. § 841; and possession with the intent to distribute 28 grams or more of cocaine base, and aiding and abetting the same, on or about 9 October 2011 in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 7). The government's witness testified that defendant is not the person responsible for commission of the offense charged in count 7, and the court disregarded it in its determination of the government's motion for detention.

The evidence presented at the hearing showed that the charges arise from controlled purchases of crack cocaine by defendant on the alleged distribution dates. The transactions were audio and video recorded. When officers attempted to arrest defendant on 24 July 2012, he successfully fled in a vehicle reaching speeds up to 120 m.p.h. He fled on foot when officers again went to arrest him on 5 August 2013, although on this occasion he was apprehended. At the time of all the offenses, he was on unsupervised state probation. He also appears to have been on state pretrial release when he committed the three alleged distribution offenses in June 2013.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the multiplicity and recency of the alleged drug trafficking,

defendant's flight from arresting officers, and the potential sentence defendant faces if convicted; the criminal record of defendant (age 22), including seven misdemeanor convictions (three for assault and four for drug offenses) and commission of three offenses for which he was convicted while on probation; the danger of continued drug-trafficking conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's potential role as a fact witness in defendant's attempted flight from prosecution and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence.

### **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of August 2013.

_____
James E. Gates
United States Magistrate Judge